**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin Glass, | ) | No. CIV 06-1404-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Intel Corporation, | ) | |
| Defendant. | ) | |

Currently before the Court is Defendant Intel Corporation's ("Defendant") Motion to dismiss Plaintiff Kevin Glass' ("Plaintiff") complaint. (Dkt.#9). After reviewing the pleadings, the Court issues the following Order.

**I.     Background**

On May 30, 2006, Plaintiff filed a *pro se* complaint against Defendant asserting claims of employment discrimination and retaliation. (Dkt.#1). Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days to serve the complaint and summons on the Defendant. Although the Plaintiff was issued a summons on June 1, 2006, (Dkt.#3), Plaintiff did not serve Defendant until January 2, 2007, 217; days after the complaint was filed (Dkt.#5).

On December 7, 2006, prior to the effectuation of service, the Court issued an Order to Show Cause why the case should not be dismissed for non-compliance with Rule 4(m), and a hearing was held on January 8, 2007. (Dkt #4). Plaintiff filed a declaration on January

5, 2007 in response to the Court's Order to Show Cause stating that service was or was about to be effectuated. (Dkt.#6). In his declaration, Plaintiff explained that there was some confusion as to whether his attorney in another pending case, No. CIV 06-0671 PHX-MHM, was going to represent him in the instant case. (Id.). At the January 8, 2007 Show Cause hearing, based upon Plaintiff's representation, the Court noted that service was complete and allowed the case to proceed. (Dkt.#7).

On January 22, 2007, Defendant filed the instant Motion to dismiss Plaintiff's complaint citing insufficient service of process as grounds for dismissal because service was made after the applicable 120-day time period. On May 4, 2007, Plaintiff was ordered by the Court to respond to Defendant's motion to dismiss by May 16, 2007, after he failed to do so within the 10-day time period of LRCiv. 7.2(c). (Dkt.#13). Plaintiff filed an opposition to Defendant's motion to dismiss on May 16, 2007 (Dkt. #14). In Plaintiff's opposition papers, he reiterated the reasons for the delay in service previously expressed in his declaration. (Id.). On May 23, 2007, Defendant filed a reply in support of the motion to dismiss. (Dkt. #15). Thus, the papers are fully briefed and ripe for this Court's consideration.

**II.     Analysis**

Rule 4(m) of the Federal Rules of Civil Procedure reads:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"[The] Plaintiff bears the burden of establishing the validity of service." Hope v. Otis Elevator Co., 389 F.Supp.2d 1235, 1242 (E.C. Cal. 2005) (citation omitted); Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). In deciding whether to dismiss a complaint for untimely service, courts must first consider whether the plaintiff can demonstrate good cause for the delay. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). Whether good cause exists is a matter determined within the discretion of the district court

1  on a case-by-case basis. Id.; Elec. Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d
2  309, 311 (9th Cir. 1992). Good cause has been characterized, "[a]t a minimum . . . excusable
3  neglect." Id.   If good cause is lacking, a district court has discretion to dismiss without
4  prejudice or to extend the time period to complete service. Id. at 513 (finding it "unnecessary
5  . . . to articulate a specific test" that a court must apply and noting that the court's discretion
6  is broad under Rule 4(m));  see also Espinoza v. United States, 52 F.3d 838, 840-41 (10th
7  Cir. 1995) ("The plain language of Rule 4(m) . . . broadens the district court's discretion by
8  allowing it to extend the time for service even when the plaintiff has not shown good
9  cause.").

10  In the present case, the Plaintiff has not shown that good cause exists to extend the
11  service period under Rule 4(m).  Plaintiff's declaration and responsive brief provide no
12  indication that Plaintiff made efforts to effectuate service of process prior to the 120-day
13  deadline.  In addition, Plaintiff's apparent confusion as to representation is not enough to
14  suggest the existence of "excusable neglect." Elec. Specialty Co., 967 F.2d at 312.  As such,
15  the Court does not find the existence of good cause to excuse Plaintiff's untimely service.

16  Although the Court does not find the existence of good cause, it does find, in the
17  exercise of its discretion, that it is appropriate for this case to proceed.  While the Court's
18  discretion is not limitless, several factors support this determination. See Efaw v. Williams,
19  473 F.3d 1038, 1041 (9th Cir. January 16, 2007) (noting that a district court's discretion is not
20  limitless under Rule 4(m) and that district courts may consider factors such as the statute of
21  limitations, prejudice to the defendant, actual notice of the lawsuit and eventual service)
22  (citation omitted).  First, Plaintiff's service was effectuated within four months of the 120-
23  day deadline, which the Court does not deem to be an extensive delay.  Second, dismissal of
24  the case would be significant as it appears Plaintiff's claims would be barred by the statute
25  of limitations.  Third, it does not appear that Defendants would be materially prejudiced by
26  allowing this case to proceed on the merits.  As such, considering these factors, the Court
27
28

exercises its discretion to extend the time for service under 4(m) Fed.R.Civ.P. to allow this case to proceed.

**Accordingly**,

**IT IS HEREBY ORDERED** denying Defendant's Motion to dismiss.  (Dkt.#9).

DATED this 2nd day of August, 2007.

_____
Mary H. Murgula
United States District Judge